29900

MORTON & CRAIG, LLC
110 Marter Ave.
Suite 301
Moorestown, NJ 08057
Telephone: (856)866-0100
Attorney for: Wells Fargo Financial New Jersey, Inc., successor by merger to Wells Fargo Financial Acceptance New Jersey, Inc.
JM-5630

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE:<br><br>CLAUDETTE MALAPIT | Case No. 08-27522(NLW)<br><br>CHAPTER 13<br><br>Hearing Date:<br><br>CERTIFICATION IN SUPPORT OF<br><br>MOTION OF WELLS FARGO FINANCIAL<br><br>NEW JERSEY FOR RELIEF FROM THE<br><br>AUTOMATIC STAY **AND CO-DEBTOR STAY AS TO THE NON-BANKRUPT CO-DEBTOR, MELVIN MALAPIT** |

DARIN WYANT certifies as follows:

1. I am employed by Wells Fargo Financial New Jersey Inc. ("Wells Fargo") and am familiar with the facts of this case.

2. On 8-28-07 the debtor and the non-bankrupt co-debtor, MELVIN MALAPIT executed a Note and Security Agreement for the financing of a 2007 HONDA more particularly described in the following paragraph. To secure payment of the contract, the debtor(s) caused the title to the vehicle to be delivered to Wells Fargo with Wells Fargo named as first lienholder. As a result, Wells Fargo Financial Acceptance became the holder of a first security interest encumbering the vehicle. True copies of the contract and title are annexed hereto.

Page 1

Certification    Page 2 of 6

29900

3. The following information sets forth the make, model and serial number of the vehicle, the terms of the contract, the average retail and trade-in value of the vehicle, and the current status of the debtors' loan:

   A. Make, model and serial number of motor vehicle:

      2007 HONDA CIVIC

      Serial number: 2HGFG21567H710149

   B. Original contract terms:

      (i) Total of payments:  $47405.52

      (ii) Term: 72 months

      (iii) Monthly payment: $658.41

      (iv) First payment due: 10-13-07

   C. Average retail value:  $16500

      Average Trade-in Value:  $14225*

      *Values derived from NADA Official Used Car Guide, JUNE 2009

   D. Delinquency status: Account due post-petition from 5-13-09 TO 9-13-09

      Arrears:  **$3292.05**

   E. Statement of amount due

      Net balance:  $27315.84

Page 2

29900

4. Wells Fargo Financial New Jersey requests relief from the automatic stay for the following reasons:
   a. The debtor is failing to make payments against the vehicle and is failing to provide Wells Fargo with adequate protection.
   b. Since the debtor is failing to make payments on the loan, Wells Fargo is also entitled to co-debtor stay relief as to the non-bankrupt co-debtor, Melvin Malapit in accordance with 11 U.S.C. 1301.

I CERTIFY THAT THE FOREGOING STATEMENTS MADE BY ME ARE TRUE. I AM AWARE THAT IF ANY OF THE FOREGOING STATEMENTS MADE BY ME ARE WILLFULLY FALSE, I AM SUBJECT TO PUNISHMENT.

Dated: 10/8/09

Eden Prairie, MN

_____
DARIN WYANT

## NOTE AND SECURITY AGREEMENT

**IDENTIFICATION OF PARTIES.** In this Note and Security Agreement ("Agreement" or "Loan Agreement"), the words "you" and "your" mean each Borrower who signs this Agreement; the words "we," "us," and "our" mean the Lender and its successors and assigns; and the word "Owner" means someone other than a Borrower who has an ownership interest in the Collateral (defined on page 2) and signs the Third Party Collateral Agreement on page 2.

**ADDITIONAL TERMS.** The Additional Terms that follow this page are a part of this Agreement and they bind you in the same manner as if they were printed in the first part of this Agreement.

YOUR ACCOUNT IS PAYABLE TO THE LENDER SHOWN BELOW:

Wells Fargo Financial New Jersey, Inc.
140 EAST RIDGEWOOD AVENUE
MACK-CALI CTR III
PARAMUS   NJ   07652

Date of Loan 08/28/2007

**ORIGINAL**

Account Number

| Borrower (Name and Address) | Borrower (Name and Address) | Borrower (Name and Address) | Borrower (Name and Address) |
|---|---|---|---|
| MELVIN MALAPIT 240 S. PROSPECT AVE BERGENFIELD NJ 07621 | CLAUDETTE C MALAPIT 240 S. PROSPECT AVE BERGENFIELD NJ 07621 | | |

### FEDERAL TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE: the cost of your credit as a yearly rate. | FINANCE CHARGE: the dollar amount the credit will cost you. | Amount Financed: the amount of credit provided to you or on your behalf. | Total of Payments: the amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 16.49% | $ 17625.84 | $ 29779.68 | $ 47405.52 |

Your Payment Schedule Will Be As Follows:

| Number of Payments | Amount of Payments | Payments are Due Monthly beginning: 10/13/2007 and on the same day each month thereafter. | Final Payment Due: 09/13/2013 |
|---|---|---|---|
| 72 | $ 658.41 | | |

**Prepayment:** If you pay off this loan early, you will not have to pay a prepayment penalty.

**Security:** You are giving us a security interest in the motor vehicle described on Page 2 of this Agreement.
☐ Other Property: ___

**Additional Information:** You can see the rest of this Agreement for more information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

### ITEMIZATION OF AMOUNT FINANCED

| $ 29779.68 | Amount Financed (Sum of amounts shown below) |
| $ 0.00 | Amount Paid on Your Accounts |
| $ 0.00 | NA |
| $ 0.00 | NA |
| $ 4090.18 | Amount Paid to You Directly |

AMOUNTS PAID TO OTHERS ON YOUR BEHALF

| $ 40.00 | To Public Officials for License and Title |
| $ 25649.50 | To CAPITAL ONE AUTO FINANCE |

Other Transaction Information:

$ 29779.68  Principal Amount of Loan (the Amount Financed)
16.49%  Rate of Interest Per Year

Closed By: MP

**NOTICE TO CONSUMER: THIS IS A CONSUMER CREDIT TRANSACTION**

You understand that:
- You should not sign this Agreement before you read the writing on all pages, even if otherwise advised.
- You should not sign this if it contains any blank spaces.
- You are entitled to an exact copy of this and any other agreement that you sign.
- This Agreement is the entire agreement between you and us relating to this account. Any change to this Agreement must be in writing and signed by both you and us.

☐ When this box is checked, itemization is continued on attached addendum. "We may be retaining a portion of this amount."

**SIGNATURES.** If you agree to be bound by the terms of this Agreement, please sign your name below. All persons signing this Agreement will be fully responsible for payment in full. By signing below, you are authorizing disbursement of the loan proceeds as shown above in the "Itemization of Amount Financed" box. You acknowledge receiving a completely filled-in Agreement.

**YOU ACKNOWLEDGE THE EXISTENCE OF A SEPARATE ARBITRATION AGREEMENT SIGNED CONCURRENTLY WITH THIS AGREEMENT, AND YOU SPECIFICALLY AGREE TO BE BOUND BY ITS TERMS.**

[signatures]  SIGN HERE / SIGN HERE / SIGN HERE / SIGN HERE

Page 1 of 4

NJ-3841-0906

 

## ADDITIONAL TERMS

**YOUR PROMISE TO PAY AND THE TERMS OF REPAYMENT.** To repay your loan, you promise to pay us the Principal Amount of Loan together with Interest at the Rate of Interest Per Year both as shown on page 1. You will pay this sum to us in United States currency at the payment address shown on your billing statement (or such other location specified by us from time to time) in installments each month according to the Payment Schedule shown on page 1. Payments received at a location other than the payment address on your billing statement may have a delay in processing. You may prepay your loan at any time prior to maturity without penalty. If you make a partial prepayment, there will not be any change in the amount of your monthly payment or delays in due dates of those payments unless we have agreed to such changes in writing.

**INTEREST-BEARING LOAN.** This is an interest-bearing loan. Except as limited by law, the interest on your loan is calculated each day based upon the principal balance of the loan outstanding from time to time, using the Rate of Interest Per Year shown on page 1, until paid in full. Interest accrues on the basis of actual days elapsed and a 365/366-day year. Payments will be applied first to any outstanding fees, then to accrued interest, and then to the principal balance. Accruing interest every day will affect the total amount of interest you pay under this Agreement and the corresponding Finance Charge – your Finance Charge will be less if you pay early and more if you pay late. Any necessary adjustments to the Total of Payments will be reflected in your final payment.

**YOU GRANT US A SECURITY INTEREST.** You give us a security interest in your property described below. This property is called "Collateral." You also give us a security interest in any accessions to and proceeds of the Collateral. Accessions are goods installed in or attached to the Collateral. Proceeds are money or property due to you from the loss, destruction or sale of the Collateral. You also give us a security interest in all Proceeds or refunds related to any insurance or service contract we finance for you. The purpose of this security interest is to protect us if you don't repay your loan, including any refinance, extension, or renewal of your loan, or if you break any promise made in this Agreement.

### THE SECTION BELOW DESCRIBES THE COLLATERAL COVERED BY THIS AGREEMENT:

[X] Motor vehicle(s) described as follows:

| Year | Make | Model | Serial Number |
|---|---|---|---|
| 2007 | HOND | CIVIC SI | 2HGFG21587H710148 |

[ ] Other property:

### THIRD PARTY COLLATERAL AGREEMENT

For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Owner hereby grants us a security interest in the Collateral to secure your performance under the Loan Agreement. Owner acknowledges that it has the same obligations and makes the same representations under the Loan Agreement as you with respect to the Collateral. For example, Owner has the duty to keep the Collateral insured, to provide us with evidence of insurance upon request, and to cause us to be named a loss payee on Owner's insurance policy. Also, Owner represents that Owner owns the Collateral or a part of it and that no one else, other than you, has any interest in or claim against the Collateral that has not been disclosed to us in writing. Owner assumes no personal responsibility for the payment of any amounts owed under the Loan Agreement. Owner agrees that we may, without releasing Owner from this Third Party Collateral Agreement and without notice or consent from Owner, extend additional credit to you or enter into an agreement with you to modify, extend, or waive the terms of the Loan Agreement.

| Owner Name and Address | | Owner Name and Address | |
|---|---|---|---|
| N/A | | N/A | |
| N/A | SIGN HERE | N/A | SIGN HERE |

**RETURNED CHECKS.** If a payment on this loan is made with a check that is dishonored because of insufficient funds, you agree to pay us a $20 charge. We reserve the right to refuse to accept personal checks for payment on your account and to require payment by cashier's check, money order or other form of guaranteed funds.

**DEFAULT.** Subject to limitations under state or federal law, you are in Default on this Agreement ("Default") if: 1) you don't make the full amount of a required payment when due; 2) you break any promise or condition in this Agreement or in any other security instrument that secures the payment of this Agreement; 3) you provide us with false, misleading or materially incomplete information in connection with your loan application or on any document provided to us; 4) an Owner breaks a promise or condition of the Third Party Collateral Agreement; or 5) any other event occurs that in our judgment significantly decreases the likelihood of your performance or reduces our ability to benefit from the Collateral.

**REMEDIES FOR DEFAULT.** If you are in Default, you agree that subject to limitations under applicable law and without first giving you notice we can: a) require you to pay the remaining balance of this Agreement in full immediately; b) use any remedies available to us by law or this Agreement; c) make a claim for any insurance benefits or premium refunds that may be available as a result of your Default; or d) without first obtaining court approval, take possession of the Collateral wherever it may be found. We may keep the Collateral in full satisfaction of what you owe or sell the Collateral in a commercially reasonable manner. The money that we get from the sale (after paying our costs, including reasonable costs of repair) will reduce the amount you owe. If we get less money than you owe, you will still owe us the difference, unless limited by law. If we get more money than you owe, you will get the extra money, unless we must pay it to someone else, such as a junior lienholder.

**COLLECTION COSTS.** If you are in Default and we obtain a judgment against you or sell by foreclosure or repossession any collateral that secures this Agreement, you agree to pay our reasonable collection expenses including court costs and attorney's fees to the extent permitted by the New Jersey Licensed Lender Act.

THE REMAINDER OF THE PAGE IS INTENTIONALLY LEFT BLANK.

Page 2 of 4                                                                                                                                    NJ-3841-0909


